# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| US BANK, N.A., <br><br> Plaintiff, <br><br> vs. <br><br> BACARA RIDGE ASSOCIATION, <br><br> Defendant. | 2:15-cv-00542-RCJ-CWH <br><br> **ORDER** |

This case arises out of an HOA foreclosure sale. Pending before the Court is a Motion to Dismiss or for Summary Judgment (ECF No. 8). For the reasons given herein, the Court grants the motion in part, dismissing the unjust enrichment claim and part of the declaratory judgment claim, with leave to amend.

I.    **FACTS AND PROCEDURAL HISTORY**

On or about December 29, 2005, non-party Hugo Avina purchased the residential real property at 6146 Glenborough Street, North Las Vegas, Nevada 89115 (the "Property"), giving non-party Countrywide Home Loans, Inc. a promissory note for $239,950 secured by a deed of trust against the Property. (Compl. ¶¶ 5, 6, 12, ECF No. 1). Plaintiff US Bank, N.A. succeeded to the note and deed of trust as of June 13, 2014. (*Id.* ¶ 14). The note is in default, and Plaintiff

intends to foreclose; but Defendant Bacara Ridge Association's foreclosure based on delinquent HOA assessments has put a cloud on Plaintiff's deed of trust. (*Id.* ¶¶ 16–18).

On November 5, 2009, Defendant caused to be recorded a notice of delinquent assessment lien, indicating $796.75 in past due assessments, interest, costs, penalties, and collection and lien costs. (*Id.* ¶¶ 21–22). Defendant caused to be recorded a second notice on August 5, 2010, indicating a new total of $1,893. (*Id.* ¶¶ 24–25). On September 23, 2010, Defendant caused to be recorded a release of the second notice as having been "in error." (*Id.* ¶ 27). Presumably, the first lien remained unaffected. The same day, Defendant caused to be recorded a notice of default and election to sell under homeowners association lien (the "NOD"), indicating that $2,686.25 was due for "past due payments plus permitted costs and expenses." (*Id.* ¶ 30). The NOD did not identify the super-priority portion of the lien. (*Id.* ¶ 32). On February 15, 2011, Defendant caused to be recorded a notice of trustee's sale ("NOS"), indicating a sale on March 18, 2011 based on $3,923.17 in past due assessments and "reasonable estimated" costs, expenses, and advances." (*Id.* ¶¶ 34–36). None of the notices or other recorded documents indicated the amount of the super-priority portion of the lien or how the beneficiary of a first mortgage could satisfy the super-priority amount. (*Id.* ¶¶ 40–44). On December 3, 2010, after the NOD was recorded but before the NOS was, the previous beneficiary of Plaintiff's note and DOT caused $416.25 to be delivered to Defendant in order to satisfy the super-priority portion of the lien, but Defendant rejected the tender. (*Id.* ¶ 46–47, 69). That amount was equal to or greater than nine months' worth of regular assessments, (*id.* ¶ 47), which is the maximum amount of the super-priority portion of the lien, assuming no maintenance and abatement costs under Nevada Revised Statutes ("NRS") section 116.310312, *see* Nev. Rev. Stat. § 116.3116(2) (final unnumbered paragraph). Defendant purchased the Property at the

trustee's sale on or about October 21, 2011 for $6,156.97, approximately 2.5% of the unpaid principal balance on the note. (Compl. ¶¶ 49–53).

Plaintiff sued Defendant in diversity in this Court seeking a declaration under 28 U.S.C. § 2201 that the trustee's sale did not extinguish the DOT for three independent reasons: (1) the super-priority portion of Defendant's lien was satisfied before the equity of redemption was foreclosed; (2) the recorded notices were legally insufficient; and (3) the sale was commercially unreasonable. Plaintiff requests injunctive relief against the transfer or encumbrance of the Property with a claim that the transfer or encumbrance is free of the DOT, as well as an injunction requiring Defendant to pay all taxes, insurance, and HOA dues during the pendency of the action. Plaintiff has also brought a claim for unjust enrichment. Defendant has moved to dismiss, or, in the alternative, for summary judgment. The Court granted a stipulation for extension of time to respond through May 26, 2015, but as of May 27, 2015 no response or stipulation or motion for a further extension of time had been filed.

## II.   LEGAL STANDARDS

### A.   Dismissal for Failure to State a Claim

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the

defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).  The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

  A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts pertaining to his own case making a violation "plausible," not just "possible." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009) (citing *Twombly*, 550 U.S. at 556) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").  That is, under the modern interpretation of Rule 8(a), a plaintiff must not only specify or imply a cognizable legal theory (*Conley* review), but also must allege the facts of his case so that the court can determine whether the plaintiff has any basis for relief under the legal theory he has specified or implied, assuming the facts are as he alleges (*Twombly-Iqbal* review).  Put differently, *Conley* only required a plaintiff to identify a major premise (a legal theory) and conclude liability therefrom, but *Twombly-Iqbal* requires a plaintiff additionally to allege minor premises (facts of the plaintiff's case) such that the syllogism showing liability is logically complete and that liability necessarily, not only possibly, follows (assuming the allegations are true).

  "Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion.  However, material which is properly submitted as part of the

complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Moreover, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

### B. Summary Judgment

A court must grant summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those which may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *See id.* A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). In determining summary judgment, a court uses a burden-shifting scheme:

> When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case.

1  *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations
2  and internal quotation marks omitted).  In contrast, when the nonmoving party bears the burden
3  of proving the claim or defense, the moving party can meet its burden in two ways: (1) by
4  presenting evidence to negate an essential element of the nonmoving party's case; or (2) by
5  demonstrating that the nonmoving party failed to make a showing sufficient to establish an
6  element essential to that party's case on which that party will bear the burden of proof at trial.
7  *See Celotex Corp.*, 477 U.S. at 323–24.  If the moving party fails to meet its initial burden,
8  summary judgment must be denied and the court need not consider the nonmoving party's
9  evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970).

10         If the moving party meets its initial burden, the burden then shifts to the opposing party
11  to establish a genuine issue of material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio*
12  *Corp.*, 475 U.S. 574, 586 (1986).  To establish the existence of a factual dispute, the opposing
13  party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the
14  claimed factual dispute be shown to require a jury or judge to resolve the parties' differing
15  versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d
16  626, 631 (9th Cir. 1987).  In other words, the nonmoving party cannot avoid summary judgment
17  by relying solely on conclusory allegations unsupported by facts. *See Taylor v. List*, 880 F.2d
18  1040, 1045 (9th Cir. 1989).  Instead, the opposition must go beyond the assertions and
19  allegations of the pleadings and set forth specific facts by producing competent evidence that
20  shows a genuine issue for trial. *See* Fed. R. Civ. P. 56(e); *Celotex Corp.*, 477 U.S. at 324.

21         At the summary judgment stage, a court's function is not to weigh the evidence and
22  determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson*, 477
23  U.S. at 249.  The evidence of the nonmovant is "to be believed, and all justifiable inferences are
24

to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

## III.   ANALYSIS

The Court grants the motion to dismiss as to the unjust enrichment claim, with leave to amend. An unjust enrichment claim cannot lie except where the plaintiff alleges that he or she bestowed a benefit upon the defendant that in equity belongs to the plaintiff. *See Leasepartners Corp., Inc. v. Robert L. Brooks Trust*, 942 P.2d 182, 187 (Nev. 1997) (quoting *Unionamerica v. McDonald*, 626 P.2d 1272, 1273 (Nev. 1981) (quoting *Dass v. Epplen*, 424 P.2d 779, 780 (Colo. 1967))); Restatement (First) of Restitution § 1 cmt. b (1937). Although the far-below-market-price paid by Defendant at its own sale casts serious doubt upon the commercial reasonableness and therefore the validity of the foreclosure sale, Defendant cannot be said to have been unjustly enriched in the legal sense, because Plaintiff seems to allege that Defendant in fact rejected the tender of the $416.25. If Plaintiff were to allege that Defendant in fact kept the $416.25, or some other amount, and foreclosed anyway, there might be an unjust enrichment claim as to that amount. The Court will therefore give leave to amend the unjust enrichment claim.

The Court mostly denies the motion as to the claims for declaratory and injunctive relief. First, Plaintiff is correct that tender of the super-priority amount before the sale would have avoided the extinguishment of the first mortgage, and that the super-priority amount includes only up to nine months' of regular assessments and any costs of abatement and maintenance but not any collection costs. *See* Nev. Rev. Stat. § 116.3116; *7912 Limbwood Court Trust v. Wells Fargo Bank, N.A.*, 979 F. Supp. 2d 1142, 1150 (D. Nev. 2013) (Pro, J.) (citing State of Nevada, Department of Business and Industry, Real Estate Division Adv. Op. No. 13-01, Dec. 12, 2012). Plaintiff has both sufficiently alleged those facts, (*see* Compl. ¶¶ 46–47), and Defendant has not

satisfied its initial burden on summary judgment on the point.  The evidence adduced in support of summary judgment consists only of legal documents concerning the property, such as CC&R, deeds, and the like, and no evidence is adduced concerning the tender of the super-priority amount, such as a declaration or affidavit to the effect that no such tender was made.

Second, the Court grants the motion to dismiss, with leave to amend, as against the request for a declaration that the foreclosure was invalid because the notices were invalid under Nevada law and the Nevada and U.S. Constitutions.  The Complaint does not sufficiently explain the allegations that the notices were invalid under state or federal law.  Plaintiff must identify the provisions of law under which the notices were insufficient and allege the factual deficiencies thereunder in order to give Defendant fair notice of the nature of the claim.

Third, Defendant is not entitled to either dismissal or summary judgment as to the commercial reasonableness of the sale.  There appears to be no dispute that Defendant purchased the Property for a song at its own sale, perhaps even on a mere credit bid.  A sale for such a tiny fraction of the value of the Property made to the foreclosing entity itself raises serious concerns about the commercial reasonableness of the sale. *See Levers v. Rio King Land & Inv. Co.*, 560 P.2d 917, 919–20 (Nev. 1977).  Plaintiff also complains of lack of notice and a foreclosure procedure not calculated to obtain an equitable sales price or to attract bidders but rather designed to maximize profit for Defendant at the expense of the homeowner and junior lienors.  The fact that the foreclosing entity, which then bought the Property at its own sale, may have wrongfully rejected a tender by a junior lienor attempting to protect its interest before the sale warrants even closer scrutiny on this issue.  Again, no evidence is adduced tending to negate this claim.

///

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion to Dismiss or for Summary Judgment (ECF No. 8) is GRANTED IN PART and DENIED IN PART.  The unjust enrichment claim and the part of the declaratory judgment claim concerning lack of notice(s) are DISMISSED, with leave to amend, but the motion is otherwise denied.

IT IS SO ORDERED.

DATED: June 1, 2015.

_____
ROBERT C. JONES
United States District Judge